

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. J. Wardlaw
Livestock Sanitary Commission of Texas
2002 W. T. Waggoner Building
Fort Worth, Texas

Dear Mr. Wardlaw:      Opinion No. 0-5506

Re: Employment of husband and wife in departments of State government, under paragraph 21, Senate Bill 332, Acts 48th Legislature, Regular Session.

Your letter of recent date submits the following question for the opinion of this department:

Under paragraph 21, of Senate Bill 332, Acts 48th Legislature, may a husband be employed in one of the State departments embraced in the departmental bill, if the wife is employed in one of the educational institutions, appropriations for which are made in another bill?

The paragraph of the bill prohibiting employment of both husband and wife in the departments of the State reads as follows:

"(21) Employment of Husband and Wife Restricted. a. None of the foregoing appropriations for salaries shall be paid or warrants issued therefor by the State Comptroller to any employee until the employee shall have filed with the head of the department in which he or she is employed an affidavit showing his or her marital status, and if married, whether or not the spouse of such employee is also employed in one of the Departments of this State and the name of the Department where such spouse is employed, together with the name of such spouse; the head of such department, in addition to the statutory affidavit now required to be attached to all payrolls, shall also set forth in the payroll affidavit that

all of his employees have made the required affidavit
and also set forth the facts of any said relationship
employment as disclosed by said employees' affidavit,
together with the name of the department where such
spouse is employed, and if such relationship employ-
ment does not exist then said affidavit shall so state,
and the head of the department and the State Comptroller
shall not approve for payment or issue warrants or
checks for salaries to either the husband or wife where
both said husband and wife are employed in the Depart-
ments of this State subject, however, to the following
provisions. Affidavits of present employees shall be
made and filed with the heads of departments of the
State within ten (10) days before the first day of
each fiscal year, and persons thereafter employed
shall file such affidavits before they begin work;
all of said affidavits shall be preserved by the
heads of departments for which appropriations are
made for at least two (2) years after their dates,
which affidavits shall be open to public inspection;
said employees' affidavits shall be conclusive evi-
dence of the right of the head of the department to
approve the payroll, and the payroll affidavit of the
head of the department shall be conclusive evidence
to the State Comptroller of his right to issue the
warrants. In the event the Comptroller shall hold up
issuance or delivery of any warrant by reason of these
provisions he shall notify the head of the department
affected of his action and such warrants shall not be
issued or delivered until the provisions have been
complied with to the satisfaction of the State Comp-
troller; and in the event the head or heads of said
departments, so employing said husband and wife, or
said husband and wife themselves cannot agree on
which affected employee is to be retained in the
State's employ, then the State Comptroller shall
issue and deliver the warrant to the affected em-
ployee who has been continuously employed in the
State's service for the longer period of time, and
refuse to issue and deliver the warrant to the other
affected employee who has been continuously employed
in the State's service for a shorter period of time
than the other affected relative. The provisions
herein shall apply to department heads and members
of Commissions but not to the manager and matron of
the Goree State Farm. The word 'department' as used

Honorable L. J. Wardlaw - page 3

herein shall mean those departments named in
this Act and the Soil Conservation Board and
shall not apply to other agencies of this
State and the employees employed thereby."

Attention is specially directed to that portion
of the paragraph which provides in part:

"The word 'department' as used herein
shall mean those departments named in this
Act and the Soil Conservation Board and
shall not apply to other agencies of this
State and the employees employed thereby."

This definition of the word "department" makes it
plain that this rider does not apply unless both husband
and wife are employed in departments named in the Depart-
mental Appropriation Bill or in the Soil Conservation Board.
You are therefore advised that this section does not pro-
hibit the employment of a husband in one of the State de-
partments embraced in the Departmental Appropriation Bill,
when the wife is employed in another institution or depart-
ment not named in the Departmental Appropriation Bill.

Very truly yours

APPROVED AUG 21, 1943          ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS  by          R. W. Fairchild
                                       Assistant

RWF-kR


APPROVED
OPINION
COMMITTEE
BY